

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDW INVESTMENTS, LLC and EDWIN WELSH                                    PLAINTIFFS

VS.                                            CIVIL ACTION NO. 3:17-cv-418 TSL-RHW

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY                                                  DEFENDANT

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

COME NOW Plaintiffs, EDW Investments, LLC, and Edwin Welsh ("EDW LLC and

Welsh"), and file this their Complaint for Declaratory and Other Relief against Defendant, The

Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), as follows:

### I. PARTIES

1.      Plaintiff, Edwin Welsh ("Welsh") is an adult resident citizen Madison County,

Mississippi.

2.      Plaintiff, EDW Investments, LLC ("EDW LLC"), is a Mississippi Limited

Liability Company.

3.      Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern

Mutual") is an insurance company doing business within the State of Mississippi and may be

served with process of this Court at its principle place of business located at: 720 East Wisconsin

Avenue, Milwaukee, Wisconsin 53202.

### II. JURISDICTION AND VENUE

4.      EDW LLC and Welsh's Complaint is for declaratory and other relief pursuant to

Fed.R.Civ.P. 57 and 28 U.S.C. §§ 2201, 2202.  Jurisdiction is proper pursuant to 28 U.S.C.

§ 1332 in that the parties are citizens of different states and the matter or property in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in, or a substantial part of the property of the subject of the action is situated in, the Southern District of Mississippi, Northern Division.

### III. FACTS

5.      On March 10, 2004, Northwestern Mutual issued a policy of insurance, Policy No. 16762240,  insuring the life of Kevin D. Barnett ("Barnett"), having a net death benefit of $1,091,888.00 as of October 14, 2014, which amount is subject to change pursuant the terms of the insurance contract ("Northwestern Mutual Policy").

6.      Barnett is the owner of the Northwestern Mutual Policy.

7.      Upon information and belief, the net death benefit of the Northwestern Mutual Policy has increased in amount since October 14, 2014.

8.      As of October 14, 2014, the Northwestern Mutual Policy had a net surrender value of $160,330.97 and an available loan value of $157,586.46, which values were subject to change pursuant to the terms of the insurance contract.

9.      Upon information and belief, the net surrender value and available loan value of the Northwestern Mutual Policy has increased since October 14, 2014.

10.      Northwestern Mutual issued additional policies of insurance to Barnett as owner, including but not limited to Policy Nos.: 16762970, 16727222, 16727131, 16727099, and 16557976 ("The Additional Northwestern Mutual Policies").

11.      Upon information and belief, the Additional Northwestern Mutual Policies of insurance may be related the claims of Plaintiffs in this case, and, to the extent premiums for the

Additional Northwestern Mutual Policies were paid with the intent to defraud creditors, the additional Northwestern Mutual Policies are related to the claims of Plaintiffs in this case.

12.    EDW LLC and Welsh are judgment creditors of Barnett.

13.    On January 14, 2010, EDW LLC and Welsh obtained an Agreed Nondischargeable Judgment against Barnett "in the sum of $70,000.00." Exhibit "1".

14.    On November 23, 2010, the United States Bankruptcy Court for the Southern District of Mississippi in Case No. 07-02299 granted Barnett a discharge of all of his pre-petition debts, except for the $70,000.000 Agreed Nondischargeable Judgment. *See, In re: Kevin Barnett, Debtor*, Case No. 07-02299-NPO, US Bankruptcy Court for the Southern District of Mississippi: Main Bankr. Dkt. 234.

15.    On May 16, 2017, the Bankruptcy Court entered an Order Reopening Barnett's Chapter 7 Proceeding for all purposes, and reappointing a Chapter 7 Trustee to ensure the efficient administration of the Debtor's estate. Exhibit "2".

16.    After obtaining an initial bankruptcy discharge, and continuing through today, Barnett has alleged receiving compensation only as a "volunteer" for certain business.

17.    The compensation that was and is being received by Barnett is in the form of insurance premiums paid on his behalf to Northwestern Mutual which, upon information and belief, has increased the death benefit, net surrender value, and available loan value of the Northwestern Mutual Policy.

18.    These insurance premiums were paid with intent to defraud Creditors EDW LLC and Welsh, as defined by Mississippi law including Miss. Code Ann. § 85-3-11.

19.     On or about October 9, 2014, Northwestern Mutual received written notice of EDW LLC and Welsh's claim to recover monies from the Northwestern Mutual Policy based on premiums paid with an intent to defraud.

20.     On or about October 9, 2014, Northwestern Mutual placed "restrictions" and/or a lien on the Northwestern Mutual Policy, prohibiting any disbursements therefrom.

21.     On May 23, 2017, EDW LLC and Welsh were notified that since "no action has been taken by [EDW LLC and Welsh] to seek funds from the Northwestern Mutual [Policy] owned by Mr. Barnett" all restrictions on disbursements from the Policy would be removed within five business days or on May 31, 2017.  Exhibit "3".

### III. CAUSES OF ACTION

### COUNT I - DECLARATION OF ENTITLEMENT TO INSURANCE PROCEEDS

22.     EDW LLC and Welsh incorporate by reference all allegations of their Complaint for Declaratory and Other Relief.

23.     Pursuant to Mississippi law, the amount of any premiums for insurance paid within intent to defraud creditors, with interest thereon, shall enure to the benefit of such creditors from the proceeds of the subject policy(s) of insurance.  Miss. Code Ann. § 85-3-11.

24.     From and after Barnett's initial discharge from Bankruptcy, insurance premiums for the Northwestern Mutual Policy were paid to Northwestern Mutual with the intent to defraud Barnett's Creditors EDW LLC and Welsh.

25.     EDW LLC and Welsh are entitled to an order from this Court declaring that the Northwestern Mutual Policy, including but not limited to the surrender value and available loan value, are not exempt from EDW LLC and Welsh's ability to collect monetary damages.  And,

-4-

upon such declaration, EDW LLC and Welsh are entitled to an order from this Court authorizing these Creditors  to collect the full amount of the Agreed Nondischargeable Judgment, plus requested interest and attorneys fees, from the net surrender value of the Northwestern Mutual Policy.

## COUNT II - DECLARATION OF CONTINUING LIEN

26.     EDW LLC and Welsh incorporate by reference all allegations of their Complaint for Declaratory and Other Relief.

27.     On or about October 9, 2014, Northwestern Mutual received written notice of EDW LLC and Welsh's claim to recover monies from the Northwestern Mutual Policy based on premiums paid with an intent to defraud.

28.     On or about October 9, 2014, EDW LLC and Welsh became entitled to "restrictions" and/or a lien on the proceeds of the Northwestern Mutual Policy, including but not limited to the cash surrender and loan values as of that date, with such "restrictions" and/or lien to remain in effect until such time as the Agreed Nondischargeable Judgment is satisfied in full.

29.     On May 23, 2017, EDW LLC and Welsh were notified by Northwestern Mutual that Northwestern Mutual would unilaterally remove the "restrictions" and/or lien from the Northwestern Mutual Policy within five business days or on May 31, 2017.  Exhibit "3".

30.     EDW LLC and Welsh, as judgment Creditors of Barnett, are entitled to have this Court declare their rights to a continuing "restriction" and/or a continuing lien against the proceeds, including but not limited to the cash surrender and loan values of the Northwestern Mutual Policy, until such time as the Agreed Nondischargeable Judgment is satisfied in full.

## COUNT III - ATTORNEY'S FEES AND COSTS

31.    EDW LLC and Welsh incorporate by reference all allegations of their Complaint

for Declaratory and Other Relief.

32.    EDW LLC and Welsh respectfully request that this Court award all attorney's fees

and costs for having to prosecute this action, and that such attorneys fees and costs be paid from

the cash surrender value of the Northwestern Mutual Policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs EDW Investments, LLC and

Edwin Welsh respectfully request that this Court grant the declaratory and other relief requested,

and that this Court further award damages in an amount to sufficiently compensate them for

having to pursue this action, including but not limited to attorney's fees, costs and interest.

Dated this the 26ᵗʰ day of May, 2017.

Respectfully submitted,

EDW INVESTMENTS, LLC AND EDWIN WELSH

BY:    _C. Victor Welsh III_____

C. VICTOR WELSH, III

C. VICTOR WELSH, III (MSB No. 7107)
PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P.
P. O. Box 22985
Jackson, MS 39225-2985
(601) 948-6200 (phone)
(601) 948-6187 (fax)
email: cvw@pgrwlaw.com

COUNSEL FOR EDW INVESTMENTS, LLC
AND EDWIN WELSH