

SO ORDERED,

Judge Neil P. Olack
United States Bankruptcy Judge
Date Signed: May 16, 2017

The Order of the Court is set forth below. The docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | |
| KEVIN BARNETT, | CASE NO. 07-02299-NPO |
| DEBTOR. | CHAPTER 7 |
| EDW INVESTMENTS, LLC AND EDWIN WELSH | PLAINTIFFS |
| VS. | ADV. PROC. NO. 08-00086-NPO |
| KEVIN BARNETT AND DEREK HENDERSON, TRUSTEE | DEFENDANTS |

### ORDER GRANTING MOTION TO REOPEN CHAPTER 7
### PROCEEDING AND MOTION TO REOPEN ADVERSARY PROCEEDING

There came on for hearing on April 13, 2017 (the "Hearing"), the Motion to Reopen Chapter 7 Proceeding (the "Motion to Reopen Case") (Bankr. Dkt. 238)[1] filed by Edwin Welsh ("Welsh") and EDW Investments, LLC ("EDW") in the Bankruptcy Case; Kevin Barnett's

---

[1] Citations to the docket of the above-referenced chapter 7 bankruptcy case (the "Bankruptcy Case") are referred to as "(Bankr. Dkt. ____)"; citations to the docket of the above-referenced adversary proceeding (the "Adversary") are referred to as "(Adv. Dkt. ____)".

Response to Motion to Reopen Chapter 7 Proceeding (the "Response") (Bankr. Dkt. 243) filed by the debtor, Kevin Barnett (the "Debtor"), in the Bankruptcy Case; and the Motion to Reopen Adversary Proceeding (the "Motion to Reopen Adversary") (Adv. Dkt. 37) filed by Welsh and EDW in the Adversary. No response was filed to the Motion to Reopen Adversary. At the Hearing, C. Victor Welsh, III represented Welsh and EDW, and Dorsey R. Carson, Jr. represented the Debtor. Derek A. Henderson, the chapter 7 case trustee, participated in the Hearing by telephone. At the Hearing, the Court ruled from the bench, granting the Motion to Reopen Case and the Motion to Reopen Adversary without any limitations or conditions. This Order memorializes and supplements that bench ruling.

## Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of the Bankruptcy Case pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J) and (O). Notice of the Hearing was proper under the circumstances.

## Facts

1. The Debtor was the president and purported owner of Techtronics, Inc. ("Techtronics"), a Mississippi corporation that was administratively dissolved in 2012, according to the Mississippi Secretary of State's website. *EDW Invs., LLC v. Barnett*, 149 So. 3d 489, 490 n.3 (Miss. 2014).

2. On July 27, 2007, the Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code (Bankr. Dkt. 1).

3. On October 2, 2007, EDW filed a proof of claim (Claim #9-1) in the amount of $849,226.51, based on the Debtor's alleged execution of a personal guaranty of promissory notes signed by Techtronics in favor of EDW. On that same date, Welsh filed a proof of claim (Claim

#10-1) in the amount of $128,947.03, based on an alleged assignment of a commercial financing note that was also personally guaranteed by the Debtor.

4. On March 24, 2008, the Court converted the chapter 11 Bankruptcy Case to a chapter 7 case. (Bankr. Dkt. 135).

5. On August 1, 2008, Welsh and EDW initiated the Adversary. (Adv. Dkt. 1). In the Amended Complaint Objecting to Discharge and to Determine Dischargeability of Debt (Adv. Dkt. 27), filed on July 1, 2009, Welsh and EDW alleged, *inter alia*, that the Debtor "failed to schedule as assets [in his bankruptcy schedules] one or more limited liability companies and/or corporations" and that the Debtor "misrepresented the financial condition of Techtronics in order to induce EDW to make loans to Techtronics." (Adv. Dkt. 27. at 4, 6). As relief, Welsh and EDW asked the Court to deny the Debtor a discharge of all his debts under 11 U.S.C. § 727(a)(2), (3) and (4)[2] and declare the debts owed to them nondischargeable under § 523(a)(6). (*Id.* at 10-11). In the Separate Answer and Defenses of Defendant Kevin Barnett (the "Answer") (Adv. Dkt. 28) filed on July 8, 2009, the Debtor denied any liability and asserted numerous affirmative defenses, but he did not include in the Answer the affirmative defense of a credit or setoff.

6. The trial of the Adversary was set to begin on January 13, 2010 (Adv. Dkt. 25). At the pretrial conference on January 11, 2010, the parties announced a settlement of all claims. On January 14, 2010, an Agreed Nondischargeable Judgment (the "Agreed Judgment") (Adv. Dkt. 35) was entered granting Welsh and EDW a nondischargeable judgment against the Debtor in the amount of $70,000.00 pursuant to § 523 and dismissing with prejudice the dischargeability claim under § 727. The Adversary was closed on January 26, 2010.

---

[2] From this point forward, all section references are to the U.S. Bankruptcy Code found at title 11 of the U.S. Code unless otherwise noted.

7. On November 23, 2010, the Court granted the Debtor a discharge of all his pre-petition debts, except the $70,000.00 Agreed Judgment, and the Bankruptcy Case was closed. (Bankr. Dkt. 234).

8. After the Bankruptcy Case and Adversary were closed, Welsh and EDW attempted to collect the Agreed Judgment by filing a writ of garnishment in state court (the "Garnishment Action") (Adv. Dkt. 37-1 at 6) in 2014. The Debtor filed a Notice of Claim of Exemption (Adv. Dkt. 37-1 at 22-28), alleging that the Agreed Judgment was satisfied years ago when certain insurance proceeds purportedly belonging either to him or the bankruptcy estate were paid instead to Welsh and EDW as the result of an interpleader action. (Adv. Dkt. 37-1 at 22-23 n.1).

### a. Interpleader Action

During the pendency of the Bankruptcy Case but before the filing of the Adversary, ACE American Insurance Company paid Jambo Computers International, LLC ("Jambo"), a Mississippi corporation, $160,000.00 for an insured loss arising out of the theft of computers purchased by Jambo from Techtronics and/or Intechra, LLC. (Adv. Dkt. 37-1 at 30). On April 28, 2008, Jambo initiated an interpleader action in state court, depositing $160,000.00 into the registry of the clerk of the state court and naming Techtronics' creditors, EDW, Intechra, LLC, Ironwood Capital, LLC, and Welsh (but not the Debtor), as defendants (Adv. Dkt. 37-1 at 39-44). The state court awarded summary judgment in favor of Welsh and EDW and authorized the disbursement of the remaining interpleaded funds to them (Adv. Dkt. 37-1 at 45-47).

### b. Garnishment Action

In the Garnishment Action, which was initiated after the Bankruptcy Case and Adversary were closed, the Debtor argued that the share of insurance proceeds awarded to Welsh and EDW actually belonged either to him or to his bankruptcy estate and was sufficient in amount to set off

the $70,000.00 Agreed Judgment in full. (Adv. Dkt. 37-1 at 22-23 n.1). The Debtor also alleged that EDW recovered an unknown amount as the result of its settlement of a legal malpractice claim that also sets off the Agreed Judgment. (Adv. Dkt. 37-1 at 34-35). In an action for declaratory relief, the state court declined to rule on the issues raised by the Debtor, deferring instead to the jurisdiction of this Court. No monies were paid to Welsh and EDW in the Garnishment Action.

9. On March 1, 2017, Welsh and EDW filed the Motion to Reopen Case and Motion to Reopen Adversary for the limited purpose of filing in the Adversary a Motion for Declaratory Relief, Injunctive Relief, Civil Contempt and Other Relief (the "Motion for Declaratory Relief") (Adv. Dkt. 37-1), a copy of which is attached as an exhibit to the Motion to Reopen Adversary. In the Motion for Declaratory Relief, Welsh and EDW asked the Court: (a) to declare that the Debtor never had a prepetition claim to the insurance proceeds paid Jambo, but if he had such a claim, declare that he is judicially estopped from asserting a credit or setoff to the Agreed Judgment because of his failure to disclose that claim to this Court or the Trustee (*Id.* at 12-16); (b) to enjoin the Debtor from raising a credit or setoff of the Agreed Judgment for any reason arising prior to the Debtor's discharge (*Id.* at 16); and (c) to hold the Debtor in civil contempt of the Agreed Judgment (*Id.* at 16-18). In the Response, the Debtor agreed to the reopening of the Bankruptcy Case but "only for the limited purposes of a declaration that the [Agreed Judgment] has been satisfied or is otherwise extinguished." (Resp. at 1-2). The Debtor, however, acknowledged in the Response that "[w]ithout reopening this proceeding, these issues have the potential to remain unresolved indefinitely, and into perpetuity." (Resp. at 5). As noted previously, the Debtor did not file a response to the Motion to Reopen Adversary.

**EXHIBIT "2", Page 5**

**Discussion**

Pursuant to § 350(b), a bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The term "for other cause" grants the bankruptcy court broad discretion in deciding whether to reopen a closed case. *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991). In their pleadings, Welsh and EDW asked the Court to reopen the Bankruptcy Case in order to enforce the Agreed Judgment entered in the Adversary. (Mot. to Reopen Case at 1; Mot. to Reopen Adv. at 1). In that regard, reopening the Bankruptcy Case is a necessary prerequisite to reopening the Adversary because a bankruptcy court generally lacks jurisdiction over a related adversary proceeding after the dismissal or closing of the underlying bankruptcy case. *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir. 1993). In determining whether to exercise its discretion to reopen the Bankruptcy Case, the Court will consider whether sufficient cause exists to reopen the Adversary, including whether reopening the Adversary would be futile or a waste of judicial resources. *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D.N.Y. 2011).

As a preliminary matter, the Court notes that § 350 governs the reopening of bankruptcy cases, not adversary proceedings. *Lyon v. Aguilar (In re Aguilar)*, 470 B.R. 606, 612 n.5 (Bankr. D.N.M 2012). Adversary proceedings, however, are procedurally analogous to civil actions, and it is well settled that courts retain jurisdiction to enforce their own judgments. *Celotex Corp. v. Edwards*, 514 U.S. 300, 309-13 (1995); *United States v. Revie*, 834 F.2d 1198, 1205 (5th Cir. 1987); *Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.)*, 99-03657 (MFW), 2004 WL 941190 (Bankr. D. Del. Apr. 30, 2004). Here, Welsh and EDW ask the Court to enforce the Agreed Judgment in the Adversary, a matter over which the Court has jurisdiction to resolve. The Debtor does not dispute this jurisdictional finding.

As to whether reopening the Bankruptcy Case and Adversary would be futile or a waste of judicial resources, the Court finds that there is sufficient legal merit in the Motion for Declaratory Relief supporting Welsh and EDW's request for relief. Although certain key facts alleged by Welsh and EDW are disputed by the Debtor, the Court does not weigh the evidence. Instead, the Court considers only whether it would be clear at the outset that Welsh and EDW would definitely not be entitled to any relief if the Adversary were reopened and the Motion for Declaratory Relief were filed. *In re Odin Demolition & Asset Recovery, LLC*, 544 B.R. 615, 628-29 (Bankr. S.D. Tex. 2016). In addition, the Court notes that the state court has declined to exercise jurisdiction over this matter. (Hr'g 10:17:28-10:18:36).[3] The unavailability of an alternative forum for resolution of the parties' dispute also supports reopening the Adversary. *In re Lazy Days' RV Ctr., Inc*, 724 F.3d 418, 423 (3d Cir. 2013) (holding that court should determine whether state court or bankruptcy court is more appropriate forum to adjudicate issues raised by a motion to reopen). Moreover, if the Debtor did have a prepetition claim to the insurance proceeds, which Welsh and EDW deny, reopening the Bankruptcy Case would be necessary to administer an asset of the estate. 3 COLLIER ON BANKRUPTCY ¶ 350.03[1] (16th ed. 2016). For the aforementioned reasons, the Court finds that the Adversary should be reopened, given the legal merits of the Motion for Declaratory Relief and the unavailability of a state forum and, thus, that the Bankruptcy Case should also be reopened in light of *Querner* and the potential administration of an asset of the bankruptcy estate. The Court recognizes that there is a gap of approximately seven (7) years between the closing of the Bankruptcy Case and the Adversary and their reopening, but the Court finds that the reasons for reopening are sufficiently compelling to overcome the length of this

---

[3] The Hearing was not transcribed. This citation is to the timestamp of the audio recording.

delay. *See In re* Case, 937 F.2d at 1018 (holding that whether a court should grant a motion to reopen depends upon the circumstances of the individual case).

The Debtor does not oppose the reopening of the Adversary but asks that it be limited in purpose. (Resp. at 1-2). Because reopening is generally a ministerial act that does not determine the merits of the underlying matter, the Court does not place any limitations or conditions on the reopening of the Bankruptcy Case or the Adversary. *See In re Smith*, 400 B.R. 370, 376-77 (Bankr. E.D.N.Y. 2009). It would be premature at this stage for the Court to render a declaratory judgment in favor of either party.

## Conclusion

For the aforementioned reasons, the Court finds that sufficient cause exists to reopen the Bankruptcy Case pursuant to § 350(b) and to reopen the Adversary. Nothing in this Order should be construed as being an adjudication upon the merits of the anticipated Motion for Declaratory Relief.

IT IS, THEREFORE, ORDERED that the Motion to Reopen Case is hereby granted.

IT IS FURTHER ORDERED that the Motion to Reopen Adversary is hereby granted.

IT IS FURTHER ORDERED that a chapter 7 trustee shall be appointed in the Bankruptcy Case to insure the efficient administration of the estate.

IT IS FURTHER ORDERED that within thirty (30) days from the date of this Order, Welsh and EDW shall file the Motion for Declaratory Relief attached as an exhibit to the Motion to Reopen Adversary, or the Bankruptcy Case and Adversary will be closed.

##END OF ORDER##